UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ELIZABETH HAWKINS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:24-cv-00314 |
| THE SIMON LAW FIRM, P.C. AND AMY COLLIGNON GUNN, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the Court is a motion to dismiss filed by the Simon Law Firm ("Simon Law") and Amy Collignon Gunn. (Doc. No. 10). The motion is ripe for decision. (See Doc. Nos. 13, 14). For the following reasons, Defendants' motion will be denied.

The facts in this case are simple. Simon Law and Gunn represented Elizabeth Hawkins. After Hawkins received a notice of product recall and defect for Philips North America's ("Philips") CPAP machine, she suspected that she had a legal claim because her deceased husband used that product. (Doc. No. 1-1 ¶¶ 2, 7). She contacted and met with Gunn, a partner at Simon Law. (Id. ¶¶ 11, 12). Gunn told Hawkins that she could sue Philips. (Id. ¶ 13). Simon Law, through Gunn, agreed to represent her in a lawsuit against Philips. (Id. ¶¶ 15, 16).

For sixteen months, Hawkins heard nothing from Gunn or anyone else at the firm, so she requested an update. (Id. ¶ 19). On March 8, 2023, on a Zoom call, Gunn told Hawkins that Simon Law failed to file her wrongful death action before the statute of limitations expired. (Id. ¶¶ 22, 24). As a result, Gunn told Hawkins that she could not sue Philips for the wrongful death of her husband. (Id.). Gunn also told Hawkins that she had "claims against [her] law firm for failing to file within the statute of limitation" and that while she "would love for this not to have happened,

[she is] here to take responsibility for it." (Id. ¶ 25). Hawkins then filed this legal malpractice case against Gunn and her firm.

Defendants move to dismiss under: (1) Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction based upon ripeness and (2) Rule 12(b)(6) challenging whether there are sufficient factual allegations against Gunn in her individual capacity. Neither argument has merit.

Defendants assert that the allegations in the Complaint do not support a claim that is ripe for the Court's review. The ripeness doctrine operates to "ensure that courts decide only existing, substantial controversies, not hypothetical questions or possibilities." Norton v. Ashcroft, 298 F.3d 547, 554 (6th Cir. 2002). A claim is not ripe if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all. Texas v. United States, 523 U.S. 296, 300 (1998) (citations omitted). Three factors are typically considered to determine if a claim is ripe: (1) the likelihood of the alleged harm; (2) the sufficiency of the factual record "to produce a fair adjudication of the merits of the parties' respective claims"; and (3) the "hardship to the parties if judicial relief is denied at this stage in the proceedings." Grace Cmty. Church v. Lenox Twp., 544 F.3d 609, 615 (6th Cir. 2008).

"A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." Cartwright v. Garner, 751 F.3d 752, 759 (6th Cir. 2014) (citing United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994)). A facial attack challenges whether the plaintiff's allegations support a basis for subject matter jurisdiction. The Court accepts the allegations of the complaint as true for purposes of the Rule 12(b)(1) analysis. Ritchie, 15 F.3d at 598.

Defendants make a facial attack to the complaint that alleges legal malpractice. In Tennessee, a legal malpractice action requires the plaintiff to establish five elements: (1) a duty of care, (2) a breach of the duty, (3) that the plaintiff suffered damages, (4) that the breach was the cause in fact of the plaintiff's damages, and (5) that the attorney's negligence was the proximate or legal cause of the plaintiff's damages. Gibson v. Trant, 58 S.W.3d 103, 108 (Tenn. 2001). A legal malpractice action accrues when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained because of wrongful conduct by the defendant. Id. at 532. A plaintiff has knowledge of the injury when defendant admits to committing malpractice. Id. An injury in a legal malpractice action includes "the loss of a legal right, remedy or interest." See John Kohl & Co. v. Dearborn & Ewing, 977 S.W.2d 528, 532 (Tenn. 1998).

Defendants argue that this case is not ripe because Plaintiff must sue Philips to determine if she has any damages and, if so, whether she mitigated those damages. (Doc. No. 11 at 6–7). According to Defendants, if Plaintiff secures a judgment against Philips, then it may show that she did not suffer damages because of their conduct. (Id. at 7). Their argument is unpersuasive and overlooks that injuries suffered in a legal malpractice action are separate and distinct from those in an underlying suit. See Parnell v. Ivy, 158 S.W.3d 924, 927 (Tenn. Ct. App. 2004).

Taking all the allegations as true, Hawkins alleges an attorney-client relationship with Simon Law to represent her in a lawsuit against Philips. Gunn admitted to malpractice because she did not file the wrongful death action before the statute of limitations expired. As a result, Hawkins was injured on March 8, 2023, when she lost her legal right to sue Philips due to Defendants' negligence. At that point, her cause of action was complete, and she was damaged because she lost her legal claim against Philips.

Defendants point to the pending MDL[1] and state court[2] litigation as relevant to Plaintiff's damages. Their argument is a red herring. Defendants' focus on damages in the underlying litigation does not control here. The Complaint alleges facts that, if true, satisfy the elements for a malpractice claim. Plaintiff alleges that Simon Law owed her a duty of care because of their attorney-client relationship. Simon Law breached that duty because it failed to file the wrongful death action before the statute of limitations expired. As a result, Plaintiff suffered damages caused by Simon Law.

Next, Defendants move to dismiss Gunn in her individual capacity under Rule 12(b)(6) because she is not an owner of Simon Law. (Doc. No. 11 at 8). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the complaint must include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Fed. R. Civ. P. 8(a)(2)). Again, accepting the complaint's factual allegations as true, Plaintiff plausibly states a claim against Gunn. Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).

As an authorized representative of Simon Law, Gunn admits, according to the complaint, she failed to file Plaintiff's lawsuit before the statute of limitations expired. Tennessee courts have long held that tortious conduct can give rise to liability for both individuals who actively participate in the tortious conduct and the entities they represent. See Brungard v. Caprice Records, Inc., 608

---

[1] There is a pending MDL related to the recall of the CPAP, BI-LEVEL PAP, and Mechanical Ventilator Products in the Western District of Pennsylvania. In Re: Philips Recalled CPAP, Bi-Level Pap, and Mechanical Ventilator Products Litigation, Case No. 2:21-mc-01230.

[2] Hawkins filed a complaint against Philips in Sumner County, Tennessee Circuit Court, Case No. 83CC1-2024-CV-524. (Doc. No. 20). There, she alleges claims of strict products liability, negligent misrepresentation, breach of express and implied warranty, fraud, unfair trade practices, and loss of services. (Id.).

S.W.2d 585, 590 (Tenn. Ct. App. 1980).  This rule holds true even if the agent was acting within the scope of the agency or at the direction of the employer.  id.  Jurgensmeyer v. Prater, No. M2000-02986-COA-R3-CV, 2003 WL 1923826, at *6 (Tenn. Ct. App. 2003).  Accepting all the allegations as true, Gunn worked for Simon Law and was the attorney responsible for representing Hawkins in a lawsuit against Philips.  It is alleged that Gunn committed malpractice by failing to file the wrongful death claim timely. Gunn, along with Simon Law, can be sued for malpractice.  Thus, the motion to dismiss the claim against Gunn in her individual capacity is denied.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE